UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALFONSO HOWARD VELAR, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 1:17-cv-00176 |
| § | |
| DIRECT ENERGY SERVICES, LLC, § | |
| § | |
| Defendant, § | |
| § | |

## **DIRECT ENERGY SERVICES, LLC'S FIRST AMENDED ANSWER TO COMPLAINT**

### NATURE OF THE ACTION

1.     Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.*, for Defendant's unlawful practices.

**RESPONSE:**   Direct Energy admits only that Plaintiff asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.* Direct Energy denies all other allegations and legal conclusions contained in paragraph No. 1 of the Complaint.

### JURISDICTION AND VENUE

2.     This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

**RESPONSE**:  Direct Energy admits only that the Court has subject matter jurisdiction over Plaintiff's TCPA claim and supplemental jurisdiction over Plaintiff's state law claim. Direct Energy denies all other allegations and legal conclusions contained in paragraph No 2.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

**RESPONSE**:  Direct Energy admits only that venue is proper. Direct Energy denies all other allegations and legal conclusions contained in paragraph No 3.

## PARTIES

4.  Plaintiff is a 65 year-old natural "person" as defined by 47 U.S.C. §153(39).

**RESPONSE**:  Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations contained in paragraph No. 4.

5.  Defendant is an independent energy supplier. On its website, it states, "We make energy work harder for our nearly five million home and business customers across North America. We compete to earn their business every day." With its principal place of business located at 12 Greenway Plaza, Suite 250, Houston, Texas, Defendant is a Delaware corporation that regularly conducts business with consumers in Indiana.

**RESPONSE**:   Direct Energy admits only that it is a retail electric supplier with its principal place of business in Houston, Texas, that its website speaks for itself, and conducts

2

business in Indiana. Direct Energy denies all other allegations and legal conclusions contained in paragraph No 5.

6.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

**RESPONSE**: Direct Energy admits the allegations in paragraph No. 6 of the Complaint.

7.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**RESPONSE**: Without reference to any additional and specific facts to further identify the individuals and entities referenced, Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations contained in paragraph No. 7.

## FACTS SUPPORTING CAUSES OF ACTION

8.  Around the summer of 2015, Plaintiff began receiving calls from Defendant to his cellular phone, (313) XXX-5320. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

**RESPONSE**: Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph No. 8.

3

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 5320. Plaintiff is and has always been financially responsible for the cellular phone and its services.

**RESPONSE**: Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph No. 9.

10. The phone number that Defendant most often uses to contact Plaintiff is (810) 620-1478.

**RESPONSE**: Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph No. 10.

11. Upon information and belief, the phone number ending in 1478 is regularly used by Defendant during its solicitation of consumers.

**RESPONSE**: Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph No. 11.

12. Prior to receiving phone calls from Defendant, Plaintiff was not aware as to what Defendant was or why it would be calling him. *Id.*

**RESPONSE**: Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph No. 12.

13. Upon speaking with Defendant, Plaintiff discovered that it was trying to solicit him to use it for energy services. *Id.*

**RESPONSE**: Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph No. 13.

14. Plaintiff is unaware as to how Defendant received his information. *Id.*

**RESPONSE**: Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph No. 14.

15. When Plaintiff answers calls from Defendant, he experiences a recorded message requesting a call back. *Id.*

**RESPONSE**: Direct Energy denies the allegations contained in paragraph No. 15.

16. Upon calling back Defendant and speaking with one of its representatives, Plaintiff demanded that it stop calling him and that it place his phone number on its do-not-call list. *Id.*

**RESPONSE**: Direct Energy denies the allegations contained in paragraph No. 16.

17. Defendant's representative informed Plaintiff that it would enter his number on the do-not- call list. *Id.*

**RESPONSE**: Direct Energy denies the allegations contained in paragraph No. 17.

18. Despite Plaintiff's demands and Defendant's assurances, it continued to regularly call his cellular phone up until the winter of 2015. *Id.*

**RESPONSE**: Direct Energy denies the allegations contained in paragraph No. 18.

19. Defendant has also called Plaintiff's cellular phone multiple times during the same day, with some of the calls coming in just minutes apart from one another. *Id.*

**RESPONSE**: Direct Energy denies the allegations contained in paragraph No. 19.

20. For instance, on September 16, 2015, Defendant called Plaintiff's cellular phone not less than 7 times in a span of 8 hours. *Id.*

**RESPONSE**: Direct Energy denies the allegations contained in paragraph No. 20.

21. Plaintiff has received not less than 41 calls from Defendant since asking it to stop calling. *Id.*

**RESPONSE**: Direct Energy denies the allegations contained in paragraph No. 21.

22. Plaintiff is disabled and takes medication for congestive heart failure and high blood pressure. Defendant's phone calls have increased his stress and worsened his physical condition overall. *Id.*

**RESPONSE**: Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph No. 22.

23.     Frustrated over the persistent phone calls, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

**RESPONSE**: Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph No. 23.

24.     With the goal of specifically addressing Defendant's conduct, Plaintiff has spent approximately $53.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss. *Id.*

**RESPONSE**: Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph No. 24.

25.     Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

**RESPONSE**: Direct Energy denies the allegations contained in paragraph No. 25.

26.     Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

**RESPONSE**: Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph No. 26.

**COUNT I: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

**RESPONSE**: Direct Energy repeats and re-alleges its responses to the preceding paragraphs by reference herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

**RESPONSE**: Paragraph No. 28 provides general commentary about the TCPA but no factual allegations. Therefore, no response is required. To the extent a response is required, Direct Energy admits only that the TCPA speaks for itself.

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The recorded that Plaintiff experienced during answered calls before calling Defendant back and being connected to a live representative is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

**RESPONSE**: Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph No. 29.

30. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff was never interested in Defendant's services and never consented to receive solicitation calls from Defendant through means of an ATDS. Even if Plaintiff *may* have inadvertently consented to receive these calls, such permission was explicitly revoked by his demands to cease contact.

**RESPONSE**: Direct Energy denies the allegations contained in paragraph No. 30.

31. The calls placed by Defendant to Plaintiff were regarding business solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

**RESPONSE**: Direct Energy admits only that it did not attempt to contact Plaintiff for emergency purposes. Direct Energy is without information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the remaining allegations contained in paragraph No. 31.

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**RESPONSE**: Direct Energy denies the allegations contained in paragraph No. 32.

**COUNT II: VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT**

33. Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

**RESPONSE**: Direct Energy repeats and re-alleges its responses to the preceding paragraphs by reference herein.

34. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic solicitation efforts towards Plaintiff.

**RESPONSE**: Direct Energy denies the allegations contained in paragraph No. 34.

35. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

**RESPONSE**: Paragraph No. 35 provides general commentary about the IDCSA but no factual allegations. Therefore, no response is required. To the extent a response is required, Direct Energy admits only that the IDCSA speaks for itself.

36.     Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

**RESPONSE**:  Direct Energy denies the allegations contained in paragraph No. 36.

37.     Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

**RESPONSE**:  Direct Energy denies the allegations contained in paragraph No. 37.

38.     Defendant's solicitation calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

**RESPONSE**:  Direct Energy denies the allegations contained in paragraph No. 38.

39.     Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent solicitation, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff that he was not interested in its services and to stop contacting him. Plaintiff never gave Defendant consent to contact his cellular phone via an ATDS, and any consent that he *may* have inadvertently given it was explicitly revoked by Plaintiff's multiple demands to cease contacting him. However, Defendant purposefully ignored Plaintiff's prompts in an abusive attempt to solicit business from him.

**RESPONSE**:  Direct Energy denies the allegations contained in paragraph No. 39.

40.     Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS.  However, Defendant's fraudulent representations

11

did not stop at just actions. Defendant also made knowingly false assurances to Plaintiff when telling him that it would enter his phone number on its do-not-call list. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

**RESPONSE**:  Direct Energy denies the allegations contained in paragraph No. 40.

41. Defendant also placed multiple phone calls to Plaintiff's cellular phone during the same day. Placing 7 phone calls in an 8 hour span is abusive behavior that is intended to harass Plaintiff into submission by causing his phone to ring repeatedly.

**RESPONSE**:  Direct Energy denies the allegations contained in paragraph No. 41.

42. In violating the TCPA, Defendant engaged in illegal behavior during its solicitation efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

**RESPONSE**:  Direct Energy denies the allegations contained in paragraph No. 42.

43. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

**RESPONSE**: Paragraph No. 43 provides general commentary about the IDCSA but no factual allegations. Therefore, no response is required. To the extent a response is required, Direct Energy admits only that the IDCSA speaks for itself.

44. Defendant's conduct is part an incurable deceptive act to which notice would not remedy. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting him. Plaintiff took the time to call Defendant back and demand that it stop calling him. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. The fact that Defendant was provided with notice to stop calling and refused to abide by said notice, evidenced by calling Plaintiff at least 41 times after he told it to stop, shows that its behavior is incurable. Defendant also made overtly false representations when it stated that it would place his phone number on its do-not-call list and then continued its conduct.

**RESPONSE**: Direct Energy denies the allegations contained in paragraph No. 44.

45. Defendant conducts the above described behavior on a wide and frequent basis. This goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

**RESPONSE**: Direct Energy denies the allegations contained in paragraph No. 45.

46. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 21 through 26, Plaintiff has suffered damages as a result of Defendant's unlawful solicitation

13

practices, including spending money on the purchase of a blocking application and suffering from increased stress. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

**RESPONSE**: Direct Energy denies the allegations contained in paragraph No. 46.

## PRAYER

Direct Energy denies that Plaintiff is entitled to the prayed for relief.

## AFFIRMATIVE DEFENSES

47.     Plaintiff's claims are barred, in whole or in part, by the doctrine of consent.

48.     Plaintiff's claims are barred, in whole or in part, by the doctrine of justification.

49.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver or estoppel.

50.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damage.

51.     Plaintiff's claims are barred because Plaintiff lacks standing.

52.     Plaintiff's claims are barred, in whole or in part, by the affirmative defenses provided by statute under the TCPA, 47 U.S.C. § 227, *et. seq*.

53.     Plaintiff's claims are barred, in whole or in part, because Direct Energy and/or its vendors maintain a written policy regarding a do-not-call list and abides by other do-not-call list requirements.

54. Plaintiff's claims are barred, in whole or in part, by fraud or the doctrine of unclean hands.

55. Plaintiff's claims are barred or limited because the alleged damages or injuries to Plaintiff, to the extent any exist, were caused in whole or in part by the acts or omissions of third parties over which Direct Energy had and has no control, and/or by the acts or omissions of Plaintiff.

56. Plaintiff's claims are limited to the extent that Plaintiff failed to mitigate the alleged damages.

57. Direct Energy gives notice that it intends to rely upon such other defenses as may become available or ascertained during the course of discovery proceedings in this action, and reserves the right to amend this Answer to assert any such defense.

DATE: July 24, 2017

By: /s/ William B. Thomas

    Michael D. Matthews, Jr.**
    William B. Thomas*
    1001 Fannin Street, Suite 2700
    Houston, Texas 77002
    T:  (713) 337-5580
    F:  (713) 337-8850
    matt.matthews@emhllp.com
    william.thomas@emhllp.com

*Admitted Pro Hac Vice
**Application for Admission Pro Hac Vice to be Filed

## **CERTIFICATE OF SERVICE**

On this 24th day of July, 2016 I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Indiana, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically as authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ William B. Thomas